# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELIZABETH A. PAULES, | : | No. 3:12cv739 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| CAROLYN W. COLVIN,[1] | : | |
| Defendant | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **MEMORANDUM**

Before the court for disposition is Plaintiff Elizabeth A. Paules's

(hereinafter "plaintiff") appeal of the denial of Social Security benefits. The

matter has been fully briefed and is ripe for disposition.

---

[1]When Paules filed this action, Michael J. Astrue was the Commissioner of Social Security. Accordingly, Paules named him as the defendant in his official capacity. Since then, however, Astrue left his position as Commissioner. Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. See OFFICIAL SOCIAL SECURITY WEBSITE, **http://www.socialsecurity.gov/pressoffice/factsheets/colvin.htm** (last accessed Dec. 13, 2013). Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as the defendant in this suit. FED. R. CIV. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party.")

**Background**[2]

Plaintiff is a Caucasian woman who was forty-three years old at the time of the alleged disability onset. (Doc. 13, Plaintiff's Statement of Material Facts at ¶ 1). Plaintiff quit high school in the tenth grade, but later obtained her general equivalency diploma. (Id. ¶ 6). Plaintiff's work history includes employment as the following: school cafeteria worker; personal care aid and certified nursing assistant. (Id. at ¶¶ 4-5). She was last employed in October of 2009 as a housekeeper at the Hershey Hotel. (Id. ¶ 3).

Plaintiff began suffering from back pain in 2003 when she was morbidly obese. She underwent gastric bypass surgery, which helped to ease the pain. (Id. ¶ 16). The pain returned in April of 2009. An x-ray and MRI revealed that plaintiff had mild degenerative disk changes with lower lumbar facet antropathy, multilevel degenerative changes and a posterior central annulus tear. (Id. ¶¶ 11, 17). She has been treated in various ways, with, for example, pain medications, injections and physical therapy.

---

[2]For these brief background facts, we will cite to the Plaintiff's Statement of Material Facts. Generally, these facts are not contested for purposes of this appeal.

In addition to her back problems, plaintiff also has a history of suffering from depression dating back to 1990. (Id.) Plaintiff has gone through counseling and therapy sessions to alleviate her depression. (See, e.g., id. ¶ 62, 63).

Plaintiff applied for Disability Insurance Benefits (hereinafter "DIB") and Supplemental Security Income (hereinafter "SSI") on November 13, 2009. She alleges that she became disabled on October 7, 2009, due to her mood disorders and back pain. (Doc. 8, Admin. R. (hereinafter "R.") at 69, 71, 188). The Social Security Administration denied plaintiff's applications initially, and plaintiff requested a hearing before an administrative law judge (hereinafter "ALJ"). (Id. at 69, 71, 104-05).

The ALJ held her hearing on April 11, 2011, and issued a decision on April 22, 2011 that denied plaintiff's application for benefits, based upon a finding that she is not disabled in that she can perform other work which exists in significant numbers in the national economy including unskilled light and sedentary jobs identified by the Vocational Expert (hereinafter "VE"). (Id. at 17, 54-55). Plaintiff appealed to the Appeals Council, which appeal was denied on February 23, 2012. (Id. at 1-3). The appeal to this court followed.

**Jurisdiction**

The court has federal question jurisdiction over this Social Security Administration appeal. See 42 U.S.C. § 1383(c)(3) ("The final determination of the Commissioner of Social Security after a hearing under paragraph (1) shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations under section 405 of this title."); see also 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business . . . .").

**Standard of Review**

In reviewing a Social Security appeal, this court must determine whether "substantial evidence" supports the ALJ's decision. See, 42 U.S.C. § 405(g); Hagans v. Comm'r of Soc. Sec., 694 F.3d 287, 292 (3d Cir. 2012);

4

Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999).  The United States Supreme Court has defined "substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966).  The Third Circuit Court of Appeals has explained that "substantial evidence has been defined as 'more than a mere scintilla;' it means 'such relevant evidence as a reasonable mind might accept as adequate.'" Hagans, 694 F.3d at 292 (quoting Plummer, 186 F.3d at 427).

The court should not reverse the Commissioner's findings merely because evidence may exist to support the opposite conclusion.  See 42 U.S.C. § 405(g); Rutherford v. Barnhart, 399 F.3d 546, 552 (3d Cir. 2005) (stating that courts may not weigh the evidence or substitute its own conclusion for those of the fact-finder); Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir.2001) (indicating that when the ALJ's findings of fact are supported by substantial evidence, courts are bound by those findings, even if they would have decided the factual inquiry differently).  In an adequately developed factual record, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent

5

an administrative agency's finding from being supported by substantial evidence." Consolo, 383 U.S. at 620.

Substantial evidence exists only "in relationship to all the other evidence in the record," Cotter v. Harris, 642 F.2d 700, 706 (3d Cir. 1981) and "must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. N.L.R.B., 340 U.S. 474, 488 (1971). "When a conflict in the evidence exists, the ALJ may choose whom to credit but 'cannot reject evidence for no reason or for the wrong reason.'" Plummer, 186 F.3d at 429 (quoting Mason v. Shalala, 994 F.2d 1058, 1066 (3d Cir. 1993). The Commissioner must indicate which evidence was accepted, which evidence was rejected, and the reasons for rejecting certain evidence. Johnson v. Comm'r of Soc. Sec., 529 F.3d 198, 204 (3d Cir. 2008). Therefore, a court reviewing the decision of the Commissioner must scrutinize the record as a whole. Smith v. Califano, 637 F.2d 968, 970 (3d Cir.1981).

**Discussion**

Plaintiff's appeal raises the following three issues: 1) Whether the ALJ erred in concluding that plaintiff's mental impairments do not meet or medically equal the criteria of listings 12.04 and 12.08? 2) Whether the ALJ

erred in evaluating the claimant's credibility with regard to her symptoms? and 3) Whether the ALJ erred in finding that the claimant has the residual functional capacity to perform the full range of light work?

The defendant has replied to all of these issues. Preliminary to addressing the issues, however, the defendant points out that the plaintiff filed a "Statement of Material Facts" and that this statement cites to evidence and medical records that were not before the ALJ. Defendant argues that it is inappropriate for this court to examine any evidence that was not before the ALJ.

We will address these four issues *in seriatim*, beginning with defendant's contention that we should not examine some of plaintiff's medical records.

**1. Medical records not before the ALJ**

In support of her appeal, the plaintiff has filed a document entitled: "Plaintiff's Statement of Material Facts." (Doc. 14). This statement sets forth plaintiff's medical history and it refers, in part, to medical records that are attached as exhibits. (Doc. 15, Exhibit List). These exhibits, however, were not before the ALJ when he rendered his decision. In fact, the vast majority of these records were generated after the ALJ's hearing. Plaintiff

7

uses the records to support the following paragraphs in the plaintiff's statement of facts: 3-4, 6-7, 26, 56-72, and 75-86. The government argues that we cannot consider this evidence as we are limited in our review to the evidence that was actually before the ALJ. After a careful review, we agree.

The law provides that evidence that was not before the ALJ cannot be used to argue that the ALJ's decision is not supported by substantial evidence. Jones v. Sullivan, 954 F.2d 125, 128 (3d Cir. 1991) (citing United States v. Carlo Bianchi & Co., 373 U.S. 709, 715 (1963)).

Although we cannot analyze the evidence, in certain circumstances, we may remand a case to the ALJ for review of such newly presented evidence. As explained by the Third Circuit Court of Appeals, "[i]f the claimant proffers evidence in the district court that was not previously presented to the ALJ, then the district court may remand to the Commissioner but that disposition is governed by Sentence Six of § 405(g)." Matthews v. Apfel, 239 F.3d 589, 592 (3d Cir. 2001).

Sentence Six of section 405(g) provides:

> The court may, on motion of the Commissioner of
> Social Security made for good cause shown before
> the Commissioner files the Commissioner's answer,
> remand the case to the Commissioner of Social

> Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based.

42 U.S.C. § 405(g).

Thus, when reviewing a social security appeal, we may affirm, modify or reverse the Commissioner's decision. Matthews, 239 F.3d at 593. "However, when the claimant seeks to rely on evidence that was not before the ALJ, the district court may remand to the Commissioner but only if the evidence is new and material and if there was good cause why it was not previously presented to the ALJ." Id.

Here, the claimant has not sought such remand and has not established that there is good cause as to why the evidence at issue was not presented to the ALJ. She merely states in her brief that she did not have the information in her possession or available to be able to provide it

9

to the Social Security Office at that time. (Doc. 19, Reply Brief at 2). Without further explanation, this statement does not provide "good cause" as to why the evidence was not presented to the ALJ.

Accordingly, we cannot utilize the records, which were not before the ALJ to determine if the ALJ's decision is supported by substantial evidence, and we cannot remand for the ALJ to review this evidence. We will continue to analyze the issues raised by the parties without considering the evidence that was not before the ALJ. As noted previously, the majority of these records that plaintiff now submits were generated after she had her ALJ hearing. If she believes that her condition worsened after her hearing, then the appropriate remedy may be to file new applications for DIB and SSI. Sizemore v. Sec'y of HHS, 865 F.2d 709, 712 (6th Cir. 1988).

**2. Do plaintiff's mental impairments meet or medically equal the criteria of listings in 12.04 and 12.08?**

To receive disability benefits, the plaintiff must demonstrate an "inability to engage in any **substantial gainful activity** by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §

423(d)(1)(A) (emphasis added). An individual is incapable of engaging in "substantial gainful activity" when "his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. § 423(d)(2)(A).

The Commissioner evaluates disability insurance and supplemental security income claims with a five-step sequential analysis. 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4). This analysis requires the Commissioner to consider, in sequence, whether a claimant (1) is engaging in substantial gainful activity;[3] (2) has an impairment, or combination of impairments, that is severe;[4] (3) has an impairment or combination of

---

[3] "Substantial gainful activity" is work that "involves doing significant and productive physical or mental duties" and "is done (or intended) for pay or profit." 20 C.F.R. §§ 404.1510 and 416.910. If the claimant is engaging in "substantial gainful activity," the claimant is not disabled and the sequential evaluation proceeds no further.

[4] A "severe impairment" significantly limits a claimant's physical or mental ability to perform basic work activities. 20 C.F.R. § 404.1520(c). Basic physical work activities include the ability to walk, stand, sit, lift, carry, push, pull, reach, climb, crawl and handle. 20 C.F.R. § 404.1545(b). An individual's basic mental or non-exertional abilities include the ability to understand, carry out and remember simple instructions, and respond appropriately to supervision, coworkers and work pressures. 20 C.F.R. § 1545(c).

impairments that meets or equals the requirements of a "listed impairment"; (4) has the "residual functional capacity" to return to his or her past work; and (5) if not, whether he or she can perform other work in the national economy.  20 C.F.R. §§ 404.1520(a)(4)(I)-(v) and 416.920(a)(4)(I)-(v).  As part of step four, the administrative law judge must determine the claimant's residual functional capacity.[5]  20 C.F.R. §§ 404.1520(a)(4)(iv) and 416.920(a)(4)(iv).

Plaintiff's first argument involves the ALJ's analysis of the third step. That is whether her impairments meets a "listed impairment."   A "listed impairment" is one that appears on the Commissioner's Listing of

---

The determination of whether a claimant has any severe impairment that has lasted or is expected to last for a continuous period of at least twelve (12) months, at step two of the sequential evaluation process, is a threshold test.  20 C.F.R. §§ 404.1509, 404.1520(c) and 416.920(c).  If a claimant does not have any severe impairment or combination of impairments which significantly limits his physical or mental abilities to perform basic work activities that has lasted or is expected to last for a continuous period of at least twelve (12) months, the claimant is "not disabled" and the evaluation process ends at step two.  Id.

If a claimant has any severe impairments, the evaluation process continues.  20 C.F.R. §§ 404.1520(d)-(g) and 416.920(d)-(g).  Furthermore, all medically determinable impairments, severe and non-severe, are considered in the subsequent steps of the sequential evaluation process.  20 C.F.R. §§ 404.1523, 404.1545(a)(2), 416.923 and 416.945(a)(2).

[5]  If the claimant has the residual functional capacity to do his or her past relevant work, the claimant is not disabled.

Impairments, which is "a list of impairments presumed severe enough to preclude any gainful work." Sullivan v. Zebley, 493 U.S. 521, 525 (1990). If the claimant has an impairment, or combination of impairments, that meets or equals a listed impairment, the claimant is disabled. If the claimant does not have an impairment or combination of impairments that meets or equals a listed impairment, the sequential evaluation process proceeds to the next step.

Plaintiff opines that the ALJ erred in not finding that she met or medically equaled the criteria of listings 12.04 "Affective Disorders" or 12.08 "Personality Disorders."[6]

---

[6]**12.04 *Affective disorders*:** Characterized by a disturbance of mood, accompanied by a full or partial manic or depressive syndrome. Mood refers to a prolonged emotion that colors the whole psychic life; it generally involves either depression or elation. The required level of severity for these disorders is met when the requirements in both A and B are satisfied . . . .
    A. Medically documented persistence, either continuous or intermittent, of one of the following:
      1. Depressive syndrome characterized by at least four of the following:
        a. Anhedonia or pervasive loss of interest in almost all activities; or
        b. Appetite disturbance with change in weight; or
        c. Sleep disturbance . . .
        d. Psychomotor agitation or retardation; or
        e. Decreased energy; or
        f. Feelings of guilt or worthlessness; or
        g. Difficulty concentrating or thinking; or

13

h. Thoughts of suicide. . . .
AND
B.  Resulting in at least two of the following;
1.  Marked restriction of activities of daily living; or
2. Marked difficulties in maintaining social functioning; or
3. Marked difficulties in maintaining concentration, persistence, or pace; or
4.  Repeated episodes of decompensation, each of extended duration.

20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.04

Section 12.08 deals with "personality disorders" and provides as follows:

> *Personality Disorders*: A personality disorder exists when personality traits are inflexible and maladaptive and cause other significant impairment in social or occupational functioning or subjective distress. Characteristic features are typical of the individual's long-term functioning and are not limited to discrete episodes of illness.
> The required level of severity for these disorders is met when the requirements in both A and B are satisfied.
>
> A. Deeply ingrained, maladaptive patterns of behavior associated with one of the following:
> 1. Seclusiveness or autistic thinking; or
> 2. Pathologically inappropriate suspiciousness or hostility; or
> 3. Oddities of thought, perception, speech and behavior; or
> 4. Persistent disturbances of mood or affect; or
> 5. Pathological dependence, passivity, or aggressivity; or
> 6. Intense and unstable interpersonal relationships and impulsive and damaging behavior;

14

The ALJ determined that the plaintiff's mental impairments did not singly or in combination meet or medical equal the criteria of listings 12.04 and 12.08. He based this decision on the claimant's inability to meet the requirements of paragraph "B." (R. at 23). Paragraph B appears in each section and requires that the plaintiff's disorder meet one of four requirements. To meet either of these listed impairments, plaintiff must suffer from any two of the following[7]:

> 1. Marked restriction of activities of daily living; or
> 2. Marked difficulties in maintaining social

---

> AND
> B. Resulting in three of the following:
> 1. Marked restriction of activities of daily living; or
> 2. Marked difficulties in maintaining social functioning; or
> 3. Deficiencies of concentration, persistence or pace resulting in frequent failure to complete tasks in a timely manner (in work settings or elsewhere); or
> 4. Repeated episodes of deterioration or decompensation in work or work-like settings which cause the individual to withdraw from that situation or to experience exacerbation of signs and symptoms (which may include deterioration of adaptive behaviors).

20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.04

[7]Listing 12.08 requires that plaintiff meet at least three of these factors.

> functioning; or
> 3. Deficiencies of concentration, persistence or pace resulting in frequent failure to complete tasks in a timely manner (in work settings or elsewhere); or
> 4. Repeated episodes of deterioration or decompensation in work or work-like settings which cause the individual to withdraw from that situation or to experience exacerbation of signs and symptoms (which may include deterioration of adaptive behaviors).

20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.04;

The ALJ concluded that the plaintiff has no restriction in the activities of daily living, no difficulties in social functioning and moderate difficulties with regard to concentration, persistence or pace. Lastly, the claimant had had no episodes of decompensation of an extended duration. (R. at 23). Thus, he found that the paragraph B criteria had not been satisfied. (Id. at 24).

Plaintiff argues that the ALJ's conclusion is contrary to the medical evidence in the record. We disagree. First, we note that many of the records that the plaintiff now seeks to rely upon are the records discussed above that were not supplied to the ALJ. Thus, the plaintiff's arguments lack weight when viewed in the light of the evidence that was actually before the ALJ.

16

A claimant, such as the plaintiff, may demonstrate that she suffers a listed impairment through medical evidence. Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). Here, none of the treating, examining or reviewing physicians, concluded that plaintiff's limitations equaled the listings for mental impairments. Only one physician specifically considered the mental impairment listings, John Gavazzi, Psy. D., a state agency consultant.

The law provides that state agency consultants are "highly qualified physicians, psychologists and other medical specialists who are also experts in Social Security disability evaluation. Therefore, administrative law judges must consider findings of State agency medical and psychological consultants, and other medical specialists as opinion evidence, except for the ultimate determination about whether [a claimant is] disabled." 20 C.F.R. § 404.1527(e)(2)(I). Dr. Gavazzi found no "marked" or "extreme" restrictions or difficulties under paragraph B above. To meet the requirements of paragraph B, at least two of the restrictions or difficulties in the sub-paragraphs must be "marked" or "extreme". Gavazzi was the only doctor to opine on these issues. Because the only doctor to opine on these issues indicates that plaintiff's impairments do not meet the

criteria, the ALJ's conclusion that paragraph B was not met is supported by substantial evidence.

## 3. Plaintiff's credibility

In his decision, the ALJ found that the plaintiff's statement at the hearing "concerning the intensity, persistence and limiting effects of [her] symptoms are not credible to the extent that they are inconsistent with [his] residual functional capacity assessment." (R. at 25). Plaintiff argues that the ALJ did not properly consider her credibility. We find no reason to reverse the ALJ's decision based upon his credibility determination.

The ALJ was not required to accept plaintiff's testimony regarding her physical or mental limitations. See Van Horn v. Schweiker, 717 F.2d 871, 873 (3d Cir. 1983)(providing that credibility determinations as to a claimant's testimony regarding the claimant's limitations are for the ALJ to make). It is well-established that "an [ALJ's] findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since [the ALJ] is charged with the duty of observing a witness's demeanor . . . ." Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 531 (6th Cir. 1997); see also Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 801 (10th Cir. 1991)("We defer to the ALJ as trier of fact, the individual

18

optimally positioned to observe and assess the witness credibility."). The ALJ observed and heard plaintiff testify. Accordingly, the ALJ is the one best suited to assess her credibility.

## 4. Residual Functional Capacity

In moving from the third to fourth steps of the sequential evaluation of plaintiff's case, the ALJ made a residual functional capacity determination. The ALJ concluded that plaintiff had a residual functional capacity to perform light work except that she is limited to lifting and carrying ten (10) pounds occasionally and less than ten (10) pounds frequently. (R. at 24). "In addition, the claimant must be allowed to alternate sitting and standing at will, and can occasionally bend, kneel, crouch, crawl and climb." (Id.) Further, "she is limited to understanding, remembering and carrying out simple instructions, exercising simple work-related judgments, and working in occupations involving only occasional changes to the regular work routine." (Id.)

Plaintiff argues now that this determination is incorrect because it did not take into account limitations that Karen L. Rafferty, Psy.D., found in the plaintiff. Dr. Rafferty's medical records, however, are some of the records discussed above that were not before the ALJ. The note referenced by the

plaintiff's statement of facts involved an appointment with Dr. Rafferty which occurred in December 2011, nearly seven (7) months after the ALJ's hearing. (Doc. 15-9, Pl. Ex. 10).

As noted above, it is inappropriate for us to second guess the ALJ's decision based upon evidence that was not before him.  If plaintiff's condition has changed or is she has received medical treatment or examination since the ALJ's hearing, the proper thing to do may be to file new petitions for benefits.  Accordingly, we will deny the appeal based upon this argument.

**Conclusion**

For the reasons set forth above, we find that the ALJ's decision is supported by substantial evidence.  We will thus deny the plaintiff's appeal of the denial of benefits.  An appropriate order follows.

| | |
|---|---|
| **Date: <u>Jan. 9, 2014</u>** | **s/ James M. Munley** |
| | **Judge James M. Munley**<br>**UNITED STATES DISTRICT COURT** |